O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Carlos Castro and Lisa Castro, | ) ) ) | CV 12-2393 RSWL (AGRx) |
| Plaintiffs, | ) ) | **ORDER re: Defendants' Motion to Dismiss Case [4]** |
| v. | ) ) | |
| Wells Fargo Bank, N.A.; HSBC Bank USA, National Association; and Does 1-10, | ) ) ) ) | |
| Defendants. | ) ) ) | |

   On June 1, 2012, Defendants Wells Fargo Bank, N.A. and HSBC Bank USA, National Association's ("Defendants") Motion to Dismiss [4] came on for regular calendar before the Court.  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

   The Court hereby **DENIES** Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Under Rule 12(b)(6), a dismissal can be

based on a lack of cognizable legal theory or a lack of sufficient facts alleged under a cognizable legal theory. Fed. R. Civ. P. 12(b)(6); see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

Defendants argue that Plaintiffs Carlos Castro and Lisa Castro's ("Plaintiffs") Complaint should be dismissed because it fails to properly allege all elements of Plaintiffs' breach of contract claim. The elements for a breach of contract claim are: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. First Commercial Mtg. Co. v. Reece, 108 Cal. Rptr. 2d 23, 33 (Cal. Ct. App. 2001).

In this case, the Court finds that the Complaint pleads sufficient facts to support these elements pursuant to Federal Rule of Civil Procedure 12(b)(6) and the requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

First, Plaintiffs have pled in their Complaint that

2

a contract was entered into by the Parties. Specifically, the Complaint states: "a written agreement was made between . . . Carlos and Lisa Castro and Wells Fargo Home Mortgage on behalf of Mortgagee." Compl. ¶ BC-1.  In addition, Plaintiffs attach what they purport to be the Parties' agreement as Exhibit A to the Complaint.

    Second, Plaintiffs' Complaint alleges performance by Plaintiffs by stating that "Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing." Compl. ¶ BC-3.  Third, Defendants' breach was alleged in the Complaint with the following statement: "Defendant breached the agreement by [r]efusing to accept payments under the load modification as agreed in writing and putting Plaintiffs' property into foreclosure and attempting to complete non-judicial foreclosure of property at Trustee's Sale."  Compl. ¶ BC-2.  Finally, Plaintiffs allege damages by stating that they have suffered financial and other continuing damages as a result of Defendants' breach and that Plaintiffs will lose their home if Defendants' breach continues.  Compl. ¶ BC.  Therefore, the Court finds that Plaintiffs have sufficiently pled all necessary elements of their sole claim for breach of contract.

\\
\\
\\

1    Accordingly, the Court hereby **DENIES** Defendants'
2 Motion to Dismiss Plaintiffs' Complaint.
3
4 **IT IS SO ORDERED.**
5 DATED: June 6, 2012
6
7                              RONALD S.W. LEW
8                         **HONORABLE RONALD S.W. LEW**
9                         Senior, U.S. District Court Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28